# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| GARY NEIL COATS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 1:10-0108 |
| | ) JUDGE CAMPBELL/KNOWLES |
| MAURY COUNTY SHERIFF'S OFFICE, SHERIFF ENOCH GEORGE, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion/Request For Injunction Order to Issue on Plaintiffs Request to be Transferred to a Secure Facility." Docket No. 3. Defendants have not filed a Response to the Motion, presumably because none of the Defendants had been served at the time the Motion was submitted.

The Motion consists of approximately eight pages of "facts," and states that Plaintiff fears "being under custody of the Maury County jail and the officials/staff who operate said facility." Docket No. 3, p. 1. According to the Motion, Plaintiff suffered from a severe case of constipation and he does not believe the treatment and medication he received were adequate. He also complains of being placed in a "dry cell," and he points to two remarks made by jail personnel which he took as "threats." He also complains that he has been subjected to retaliation "due to the facts stated herein." He asks that he be moved to "another facility."

The Sixth Circuit applies a four-factor test for determining the propriety of issuing a

preliminary injunction: (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant has shown irreparable injuries; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). Plaintiff did not file a Memorandum of Law with the Motion as required by Local Rule 7.01(a), and Plaintiff has not addressed how these factors apply in the case at bar.

Additionally, while the Motion contains several pages of "facts," the Motion is not verified, nor has Plaintiff filed an Affidavit to establish those facts, which is also a violation of Local Rule 7.01(a).

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion/Request For Injunction Order to Issue on Plaintiffs Request to be Transferred to a Secure Facility" (Docket No. 3) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge