IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GARY COATS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-0108 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | |
| SHERIFF ENOCH GEORGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon "Plaintiff's Amendment to the 42 U.S.C. § 1983 Civil Action Lawsuit Now Pending, With Amended Pleadings Being Filed Pursuant to Rule 19.01(TRC)." Docket No. 55. The document is purportedly an amendment to Plaintiff's Complaint and/or Amended Complaint.

Plaintiff filed this pro se action on November 12, 2010. Docket No. 1. On January 18, 2011, Defendants Maury County Regional Hospital and Floyd Sealey filed and served an Answer to the Complaint. Docket No. 20.

On February 1, 2011, 14 days after the Answer was filed, Plaintiff filed a document headed "Plaintiff's Amendment to the 42 U.S.C. § 1983 Civil Action Lawsuit Pursuant to the Rule of Civil Procedure." Docket No. 34. At that time, Plaintiff had the right to amend his Complaint as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1)(B).

After the filing of Plaintiff's Amended Complaint (Docket No. 34), Plaintiff lost the right to amend his Complaint as a matter of course. Therefore, the instant document was not properly

filed because Plaintiff did not have the opposing party's written consent or the Court's leave. *See* Rule 15(a)(2).

Plaintiff's reference to "Rule 19.01 (TRC)" is very unclear. If Plaintiff is attempting to cite to the Tennessee Rules of Civil Procedure, those Rules do not apply in this action. Additionally, there is no Rule 19.01 of the Federal Rules of Civil Procedure.

For all the foregoing reasons, the instant amendment (Docket No. 55) should be STRICKEN.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge