IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GARY COATS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-0108 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | |
| SHERIFF ENOCH GEORGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a "Motion to Dismiss of Defendants Sheriff Enoch George, Robin Walters, Debra Wagonshutz, Shannon Helton, and Jeff Stewart." Docket No. 41. Defendants have filed a supporting Memorandum of Law. Docket No. 42. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 44.

This is a pro se, in forma pauperis action filed pursuant to 42 U.S.C. § 1983 by a former inmate in the Maury County Jail. Docket No. 1. Plaintiff was an inmate at that facility at the time he filed his Complaint, but he subsequently filed a "Notice of Address Change" giving an address in Madison, Alabama. Docket No. 75.

Plaintiff began this action by submitting 71 pages of documents, including a 6-page "form" Complaint (Docket No. 1, p. 1-6); 10 separate documents headed "Complaint," (Docket No. 1, p. 7-32); 5 separate Affidavits, all executed by Plaintiff (Docket No. 1, p. 33-52); a list of "additional Defendants" (Docket No. 1, p. 70-71); and what appear to be 4 separate "Petitions" signed by various inmates and related to medical issues, nutritional needs and handling

procedures, adequate law books in law library, and hygiene issues (Docket No. 1, p. 61-71).

Plaintiff has amended his Complaint twice since this action was filed, and there is a pending Motion to Amend. *See* Docket Nos. 34, 55, 83. These amendments essentially added (or seek to add) additional Defendants, or correctly identified a Defendant who had already been sued. None of these amendments, however, adds any additional factual allegations with regard to the instant Defendants that were not set forth in the original Complaint.[1] The Court, therefore, will focus on the allegations of Plaintiff's original Complaint and the attachments thereto.

Because Plaintiff's Complaint and the 10 separate "Complaint" documents are organized by subject matter, it is extremely difficult to determine which Defendants are alleged to have committed which acts. Moreover, many of the issues about which Plaintiff complains are stated in broad general terms, which may or may not have anything to do with Plaintiff.

While the instant Motion raises a number of arguments, the Court need address only one, namely Plaintiff's failure to state a claim upon which relief can be granted against any of the moving Defendants.

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action,

---

[1] Plaintiff's second amendment (Docket No. 55) does state, however, that he wishes to sue all Defendants in both their official and individual capacities.

> supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

The Court has reviewed in detail the original Complaint and accompanying documents filed by Plaintiff. As best the Court can tell, Sheriff Enoch George and Defendant Robin Walters are not mentioned anywhere (other than being named as Defendants). Thus, Plaintiff has failed to state a claim upon which relief can be granted against Sheriff George or Ms. Walters.

Defendant Wagonshutz is mentioned in four places, as follows:

> I requested to be moved from max unit and was put in open pod unit #523 per Lt. Wagonshutz.

Docket No. 1, p. 10-11.

> On returning from my Court appearance, I was informed by Lt. Debra to go with her to the medical office.

Docket No. 1, p. 34.

> I sent Lt. Debra a letter through Officer Bill at 9:45 a.m. requesting to see her.

Docket No. 1, p. 39.

> My request to Lt. Debra on or about September 30th 2010 was answered (see page __).

Docket No. 1, p. 51 (blank in original).

These allegations do not state a claim upon which relief can be granted against Defendant Debra Wagonshutz.

Defendant Shannon Helton is mentioned twice, as follows:

> My attempts at advising the "cube tower" that I needed to go to hospital fell on deaf ears. Officer Shannon stated to "fill out a sick call."

Docket No. 1, p. 9.

> Officer Shannon made threat about rocking the boat (see Injunction Motion).

Docket No. 1, p. 10.

Plaintiff's reference to the Injunction Motion presumably is a reference to a document Plaintiff filed with his Complaint, headed "Plaintiff's Motion/Request For Injunction Order to Issue on Plaintiff's Request to be Transferred to a Secure Facility." Docket No. 3. That Motion has previously been denied. Docket Nos. 39, 46. The only references to Officer Shannon in that Motion are as follows:

> Coats got on the intercom and requested to have his commode flushed. This occurred on 9/29/10 at 10:00 a.m. Officer Shannon stated that he would take care of it.

Docket No. 3, p. 4.

> I told Mr. Shannon I was filing a lawsuit on the jail and him and was threatened by Officer Shannon.

Docket No. 3, p. 4.

> Officer Shannon's conduct and remark that "rocking the boat could result in me swimming for my life" was a threat on my life.

Docket No. 3, p. 4.

4

None of these allegations states a claim against Defendant Helton. The alleged "threat" does not appear to the Court to be a serious threat on the life of Plaintiff. Even if it were, however, "a threat by a jail or prison officer is not per se unconstitutional because the plaintiff has no protectable right not to have threats made against him." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 775, (E.D. Mich. 2009), *quoting Snyder v. Bradley Co. Justice Center,* 2008 WL 2357645 (E.D. Tenn. June 3, 2008), *citing Williams v. Gobles,* 2000 WL 571936 at *1 (6th Cir. May 1, 2000) (neither verbal harassment nor threats constitute punishment within the context of the Eighth Amendment; *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse is not cognizable under § 1983).

Officer Stewart is mentioned only once, as follows:

> Upon finally getting a bowel movement, I was made to "smell" my feces because Officer Shannon would not send Officer to flush my commode. Officer Stewart who was on duty would not flush my commode.

Docket No. 1, p. 10.

The foregoing allegations fail to state a claim upon relief can be granted as to Defendant Stewart.

To the extent that Plaintiff may seek to sue certain Defendants on the theory that they supervise other Defendants, he has failed to state a claim because there is no respondeat superior liability under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

To the extent that Plaintiff sues any of these Defendants in their official capacities, such lawsuits are deemed to be lawsuits against their employer, Maury County. *Claybrook v. Birchwell,* 199 F.3d 350, 355 n.4 (6th Cir. 2000), *citing Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Plaintiff has not, however, made sufficient allegations to support a claim of municipal

liability against Maury County.  *Monell,* supra;  *City of Canton v. Harris,* 489 U.S. 378 (1989).

To the extent that Plaintiff seeks injunctive relief, the fact that he is no longer an inmate in the Maury County Jail moots his claim for injunctive relief.  *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996).

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 41) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge