IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GARY COATS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 1:10-00108 |
| v. | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) |
| SHERIFF ENOCH GEORGE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss of Defendants Maury Regional Medical Center and Floyd Sealey, or, in the Alternative, for Summary Judgment." Docket No. 87. In support of that Motion, Defendants Maury Regional Medical Center ("Maury Regional") and Floyd Sealey have filed a supporting Memorandum of Law (Docket No. 90), a listing of undisputed material facts (Docket No. 89), and the Affidavit of Defendant Sealey (Docket No. 88).

Plaintiff has not responded to the instant Motion or to Defendants' undisputed material facts.

As pertains to the instant Motion, Plaintiff, an inmate housed at the Maury County Jail at all times relevant to the case at bar, filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging that Defendants Maury Regional and Sealey where deliberately indifferent to his serious medical needs when they failed to provide him with appropriate

1

medical services. Docket No. 1. Specifically, Plaintiff avers that Defendant Sealey failed to answer his sick call requests in a timely manner, or "just altogether ignored" them, thereby causing him "to suffer unbearable pain and anguish." *Id.* Plaintiff avers that Maury Regional is responsible because Defendant Sealey is its employee. *Id.* Plaintiff sues both Defendants in their "individual capacity." *Id.* Plaintiff seeks $900,000 in damages. *Id.*

Defendants' Motion is filed as a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. *See* Docket No. 87. Because the undersigned will consider the Defendants' listing of undisputed material facts and Defendant Sealey's Affidavit, the undersigned will analyze the pending Motion as a Motion for Summary Judgment. *See* Fed. R. Civ. P 12(d); 56. In the instant Motion, Defendants argue that there are no genuine issues as to material fact and that they are entitled to a judgment as a matter of law because the undisputed facts and expert medical evidence establish that Defendants complied with the applicable standard of care in Plaintiff's treatment and that no allegedly negligent act or omission of Defendants caused or contributed to Plaintiff's injuries that would otherwise not have occurred. Docket No. 87.

As has been noted, Plaintiff has not responded to the pending Motion or listing of undisputed material facts.

For the reasons set forth below, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendants are entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendants' Motion be GRANTED.

2

## II. Facts[1]

Defendant Sealey is a registered nurse licensed by the State of Tennessee and has been continuously practicing in the field of nursing as an employee of Defendant Maury Regional since 1996. Docket No. 88, Affidavit of Floyd S. Sealey, R.N. ("Sealey Aff."), ¶1. Since 2006, Nurse Sealey has served as the chief Maury Regional nurse at the Maury County Jail ("Jail"). *Id.*

Because of his education, training, and experience Nurse Sealey is familiar with the recognized standard of acceptable professional practice for registered nurses working in Tennessee, and specifically in the community of Columbia, Tennessee, during 2010. *Id.*, ¶2. Additionally because of his education, training, and experience Nurse Sealey is familiar with the standard of care applicable to nurses practicing in a penal environment in that community. *Id.*, ¶12.

Nurse Sealey first saw Plaintiff on September 3, 2010, the first day of Plaintiff's incarceration at the Jail, when, pursuant to Jail procedure, he conducted his new inmate medical evaluation of Plaintiff. *Id.*, ¶3. During his new inmate medical evaluation, Plaintiff reported to Nurse Sealey that his primary care physician was Earnest Hendrix, M.D., in Athens, Alabama. *Id.* Plaintiff further reported to Nurse Sealey that he had previously been diagnosed with colon cancer, that a third of his colon had been removed during treatment, and that he had problems "holding" his bowel movements. *Id.*

On September 5, 2010, Nurse Sealey contacted Dr. Hendrix's office to verify Plaintiff's medical history. *Id.*, ¶4. Dr. Hendrix's office notified Nurse Sealey that Dr. Hendrix had not

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

treated Plaintiff since 2008, and that Dr. Hendrix did not have any medical records showing that Plaintiff had ever been diagnosed with colon cancer. *Id.*

On September 13, 2010, Plaintiff completed a Sick Call Request form, complaining that he had not had a bowel movement since September 3 and requesting a laxative or stool softener. *Id.*, ¶5. Nurse Sealey's office received Plaintiff's Sick Call Request on September 14, and immediately placed Plaintiff on a daily prescription of 100 mg of Colace, a stool softener, to be taken every night before bed.

On September 17 and 20, 2010, Plaintiff filed additional Sick Call Requests complaining about being constipated, although he indicated that the Colace was working to some degree. *Id.*, ¶6. Nurse Sealey felt, in his medical judgment, that it was appropriate to continue Plaintiff on his Colase prescription to determine if the stool softener would alleviate his complaints without the need for more aggressive medication. *Id.*

On September 28, 2010, after Plaintiff continued to complain of constipation and abdominal pain, Nurse Sealey ordered that Plaintiff be transferred to the Maury Regional Ambulatory Care Center ("ACC") for examination. *Id.*, ¶7. Nurse Sealey also ordered that Plaintiff be placed on magnesium citrate, a chemical saline laxative, often used to completely empty a patient's bowel prior to major surgery or a colonoscopy. *Id.*

At the ACC, Tadd Thompson, M.D., performed and interpreted a kidney-ureter-bladder radiographic study of Plaintiff's abdominal organs. *Id.*, ¶8. Dr. Thompson found that Plaintiff had a small amount of air in his small and large intestines, but without distension or specific pattern, and that Plaintiff's bowel appeared normal. *Id.* Based upon Dr. Thompson's findings, Nurse Sealey became concerned that Plaintiff was exaggerating his symptoms. *Id.* Upon

4

Plaintiff's return from the ACC, in order to confirm whether Plaintiff was having bowel movements and concealing them from Jail staff or was genuinely constipated, Nurse Sealey had Plaintiff placed in an observational cell with the toilet plumbing turned off. *Id.*, ¶9. Shortly after his placement in the observational cell, Plaintiff had a bowel movement, that was observed and confirmed by Jail staff, and he was then returned to his normal cell. *Id.*

On October 11 and 13, 2010, Plaintiff again complained of constipation and abdominal pain. *Id.*, ¶10. Nurse Sealey again prescribed Plaintiff magnesium citrate. *Id.*

On November 7, 2010, Plaintiff complained of bleeding ulcers in his nose, scabbing, and more problems with his bowels. *Id.*, ¶11. Nurse Sealey prescribed an increased dose of Colace and antibiotic ointment to treat his sores. *Id.*

Nurse Sealey was not deliberately indifferent to the medical needs of Plaintiff. *Id.*, ¶12. At all times during his care and treatment of Plaintiff, Nurse Sealey complied with the recognized standard of care applicable to nurses practicing in a penal environment in the community of Columbia, Tennessee, in 2010. *Id.*

Plaintiff's constipation was not caused by, or brought about as a result of, any negligent act or omission of Nurse Sealey. *Id.* Plaintiff did not suffer any lasting ill effects to his health as a result of his constipation, and his health improved over time. *Id.*

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be

> twenty-one (21) days after the service of the motion, unless
> otherwise ordered by the Court. Failure to file a timely response
> shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on July 19, 2011. Docket No. 87. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' undisputed material facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

## B. Summary Judgment Standards

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his

6

> initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no

7

genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. 42 U.S.C. § 1983

### 1. Generally

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

#### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

#### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429

U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an

10

inmate's serious medical needs.  *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)).  In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference."  *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted).  The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?"  *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

**C.  The Case at Bar**

Plaintiff sues Defendants Maury Regional and Sealey in their individual capacities. Docket No. 1.  Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs because Defendant Sealey failed to answer his Sick Call Requests in a timely manner, or "just altogether ignored" them, and because Defendant Maury Regional employs Defendant Sealey.  *Id.*  Plaintiff argues that he has been made "to suffer unbearable pain and anguish" as a result of Defendants inaction.  *Id.*

As has been discussed, in order to hold Defendant Sealey liable, Plaintiff must demonstrate that Defendant Sealey was aware of the risk to his health and deliberately indifferent to it, and he must minimally allege unnecessary pain or suffering resulting from his deliberate indifference.

It is undisputed that Defendant Sealey responded to Plaintiff's Sick Call Requests and provided medical care to Plaintiff that complied with the recognized standard of care applicable to nurses practicing in a penal environment in the community of Columbia, Tennessee, in 2010.

11

Accordingly, Plaintiff cannot demonstrate that Defendant Sealey was deliberately indifferent to his serious medical need. Defendant Sealey is therefore entitled to a judgment as a matter of law.

With regard to Plaintiff's claims against Defendant Maury Regional, Plaintiff states that he sues Defendant Maury Regional because it is the employer of Defendant Sealey. Docket No. 1. Plaintiff cannot sustain his claims against Defendant Maury Regional simply as the employer of Defendant Sealey, however, because §1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

## IV. Conclusion

For the foregoing reasons, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendants are entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendants' Motion (Docket No. 87) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge