IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GARY COATS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 1:10-00108 |
| v. | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) |
| SHERIFF ENOCH GEORGE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant Omega Caruthers. Docket No. 79. In support of that Motion, Defendant has filed a supporting Memorandum of Law (Docket No. 80), as well as her Declaration (Docket No. 82).

Plaintiff has not responded to the pending Motion.

Plaintiff, an inmate housed at the Maury County Jail filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. Docket No. 1. Plaintiff avers that Defendant Caruthers refused to bring someone to his jail cell after he notified her of being in pain, and that, upon being told by Plaintiff that he would be adding her as a Defendant to the instant lawsuit, Defendant Caruthers threatened him by saying that he "might not live to spend" any money he might recover from the suit. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.*

Defendant argues that Plaintiff's claims against her must be dismissed because she was

1

not properly served, and because Plaintiff's Complaint fails to state a recoverable claim against her. Docket No. 80.

As has been noted, Plaintiff has not responded to the pending Motion.

For the reasons set forth below, the undersigned recommends that Defendant's Motion be GRANTED.

## II. Facts

The allegations of Plaintiff's Complaint[1] pertaining to Defendant Caruthers, in their entirety, are as follows:

> On 10/12/10 put in another sick call slip - I was having severe cramps and abdominal pain. I asked [Defendant][2] to get someone back to my pod, as I needed immediate medical assistance. She refused. I told her that her name would be included on a lawsuit I was filing. She threatened me that "I might not live long enough to spend the money." I called my attorney.

Docket No. 1, p. 28 (footnote added).

## III. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a

claim

upon which relief can be granted. In order to state a claim upon which relief can be granted, a

---

[1] Plaintiff has also filed Amended Complaints. Docket Nos. 34, 55, 83. Plaintiff's Amended Complaints, however, do not contain any new allegations concerning Defendant Caruthers.

[2] Plaintiff originally said that "Officer Mickey" was the one who "refused" to get someone to come to his cell to help him and who "threatened" him. Docket No. 1, p. 28. "Officer Mickey" is also referred to in various documents as "Officer Mackey," but Officer Mickey / Mackey was later identified as Defendant Caruthers. *See* Docket No. 59.

2

complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

3

Case 1:10-cv-00108   Document 104   Filed 11/02/11   Page 3 of 10 PageID #: 555

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. 42 U.S.C. § 1983**

    **1. Generally**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## 2. Eighth Amendment

### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access

5

to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the

6

asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

## C. The Case at Bar

Plaintiff sues Defendant Caruthers in her official and individual capacities.

With regard to Plaintiff's official capacity claim against Defendant Caruthers, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. In order for the public entity to be subject to liability under § 1983, the plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 41 (1989); *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).

Inasmuch as Plaintiff brings the instant § 1983 claims against Defendant Caruthers in her

official capacity as an employee of the Maury County Jail, Defendant stands in the shoes of the entity she represents (*see Claybrook*, 199 F.3d at 355 n.4), which is Maury County. In order to state a claim against Maury County, therefore, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Maury County official policy, practice, or custom. *City of Canton*, 489 U.S. at 387-88. Plaintiff has failed to do so. Accordingly, Plaintiff cannot sustain his official capacity claims against Defendant Caruthers.

In order for Defendant Caruthers to be held liable in her individual capacity, Plaintiff must demonstrate that she personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

With regard to Plaintiff's deliberate indifference claim, Plaintiff avers that he complained of "severe cramps and abdominal pain" when he asked for Defendant to send someone over to his cell, but that she "refused." Although Plaintiff avers that he complained of cramps and pain, he articulates no facts which would suggest that Defendant should have objectively known that

8

Plaintiff's condition was so serious as to present an immediate need for medical attention, much less that Defendant knew that Plaintiff's cramps and pain were serious and posed a risk of harm, but deliberately disregarded that known risk of harm. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn,* 22 F.3d at 660. Plaintiff cannot demonstrate that Defendant was deliberately indifferent to a serious medical need.

Moreover, with regard to Defendant's alleged threat that Plaintiff "might not live long enough to spend the money," it is well-established that allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir.1987); *Davis v. Michigan Dept. of Corrections,* 746 F.Supp. 662, 667 (E.D.Mich.1990). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen,* 109 Fed. Appx. 64, 65 (6th Cir.2004). Verbal threats and abuse made in retaliation for filing grievances or lawsuits are likewise not actionable. *See Carney v. Craven,* 40 Fed. Appx. 48, 50 (6th Cir.2002).

Given the allegations of Plaintiff's Complaint, he cannot sustain his claims against Defendant Caruthers. The undersigned therefore recommends that the claims against her be dismissed, and that she be terminated as a Defendant in this action.

### IV. Conclusion

For the forgoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

9

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                  E. CLIFTON KNOWLES
                                                  United States Magistrate Judge