IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GARY COATS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 1:10-00108 |
| v. ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | |
| SHERIFF ENOCH GEORGE, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Plaintiff's "Motion for Leave to Amend The Complaint and to Add a Defendant to the Civil Action Lawsuit Now Pending." Docket No. 69. Plaintiff seeks to add "Officer Hunter" as a Defendant in this action, and seeks to sue Officer Hunter in his official and individual capacities. *Id.* As grounds for adding Officer Hunter as a Defendant in this action, Plaintiff contends that Officer Hunter is "intentionally handling the food trays without wearing proper sanitary protection (gloves) and is playing rap music over the intercoms in the max unit where Plaintiff and other inmates are housed." *Id.* Plaintiff also contends that Officer Hunter told Plaintiff to "kiss his ass" and to "shut his pie hole," and laughed at him. *Id.* Plaintiff additionally contends that "Officer Hunter is intentionally provoking anger between other inmates and Plaintiff to endanger [Plaintiff] among other jail inmates." *Id.*

Defendants George, Walters, Wagonschutz, Helton, and Steward have filed a Response, opposing Plaintiff's Motion to Amend. Docket No. 77. Defendants argue that Plaintiff's Motion

1

to Amend should be denied because, taking his allegations as true, his allegations fail to state a constitutional violation. *Id.* Defendants also argue that Plaintiff has not alleged that he contracted any illness or otherwise sustained any physical injury as a result of Officer Hunter's alleged actions. *Id.* Defendants argue that, accordingly, Plaintiff's proposed amendment is futile. *Id.*

Defendants are correct in their assertion that Plaintiff's proposed amendment would be futile. Taking Plaintiff's allegations against Officer Hunter as true, the Court concludes Plaintiff has failed to allege that Officer Hunter engaged in conduct violative of Plaintiff's federally protected rights. Because the amending of Plaintiff's Complaint to include Officer Hunter would be futile, Plaintiff's Motion should be DENIED. *See Foman v. Davis*, 371 U.S. 178 (1962).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                          E. CLIFTON KNOWLES
                                          United States Magistrate Judge