IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GARY COATS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 1:10-00108 |
| v. ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | |
| SHERIFF ENOCH GEORGE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant Genella Potter. Docket No. 57. In support of that Motion, Defendant has filed a supporting Memorandum of Law. Docket No. 58.

Plaintiff has not responded to the pending Motion.

Plaintiff, an inmate housed at the Maury County Jail filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. Docket No. 1. Plaintiff avers that "jail officials/staff," including Defendant Potter,[1] engaged in "nutritional neglect, improper handling, preparation, and inadequate procedures" to ensure that prisoners are being fed "adequately," with proper health and safety precautions being taken to "avoid food contamination, and/or spread of infectious diseases that can be life threatening." *Id.*,

---

[1] Plaintiff's Complaint mistakenly refers to Defendant Potter as "Janelle Porter." Plaintiff's misnomer, however, is not material to the issues before the Court.

1

p. 31. Plaintiff essentially complains that Defendant Potter works in the Jail kitchen and has a duty to make sure the prisoners are fed properly in sanitary conditions, but breached that duty. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.*, p. 22.

Defendant argues that Plaintiff's claims against her must be dismissed because: (1) she is entitled to qualified immunity; (2) the Complaint fails to allege that she violated Plaintiff's constitutional rights; and (3) the Complaint fails to allege that Plaintiff suffered an injury. Docket Nos. 57, 58.

As has been noted, Plaintiff has not responded to the pending Motion.

For the reasons set forth below, the undersigned recommends that Defendant's Motion be GRANTED.

## **II. Facts**

The allegations of Plaintiff's Complaint[2] pertaining to Defendant Potter, in their entirety, are as follows:

> Complaint relates to the practice of the Maury County Jail / Staff and Stewardess Janell Porter who works in the kitchen at the Jail. Inmates serving trays are not being required to wear protective gear such as hair nets, new gloves, or being tested for diseases such as TB, Hepatitis or staff infections prior to being put on Trustee jobs working in and around food on a daily basis. Inmates in the kitchen who cook and prepare the food is not being screened prior to being put in charge of handling and preparing food. Here are the facts:
>
> • Inmates not being screened for diseases such as Hepatitis, AIDS, TB, Staff/STD/or other contagious disease that can be easily spread.

---

[2]Plaintiff has also filed Amended Complaints. Docket Nos. 34, 55, 83. Plaintiff's Amended Complaints, however, do not contain any new allegations concerning Defendant Potter.

2

• Trustees passing out food to inmates not screened or being required to wear hair nets.  Hair in food is common.

• Trustees passing out trays are not given new gloves on a daily basis and are being required to carry gloves to their cells for the purpose of re-use on next day(s).

• Jail does not use "Hot Boxes" to store the inmate trays in to keep food warm or hot prior to getting it to the inmates.

• Only Trustee inmates who have jobs are being given fruit such as apples, oranges.  Inmates who are locked down or are not on outside work details are not being afforded the nutritional vitamins that fruit would provide.  On two occasions in over a month was applesauce served.  The grievance reply would not even address the issue of why certain inmates were afforded fruit.

• Inmates who are in court during the "lunch time" are given whole fruit as part of their meal.  Jail Officer said inmates making houtch was why the Sheriff stopped fruit inside jail.

• Jail personell states that "Hot Boxes" are not required under T.C.A. Code 41-4-109 and that cold food is just part of the perps of being in jail.

• Jail personell contends that it would be discrimination to test inmates for diseases in determining whether they should be placed in kitchen/and or jobs where food is handled by inmates.  Keeping down sickness and disease in the jail is their excuse for keeping the jail "cold."  That concern doesn't apply to food being subjected to contamination.

• Hair and other foreign objects in food is common and your only option is to eat it or dump it.  Inmate Trustees who handle trays have been observed "dropping food on the floor and quickly putting it back on the tray after it has been contaminated."

• The amount of food being served is questionable as to the serving size and requirements.  Inmate weight loss is extreme.  I have lost over (25) twenty-five pounds in less than forty five days.

• Plaintiff is being subjected to undue health risk/life threatening diseases by the Maury County Jail/ Staff because they contend that possible diseases being spread to inmates is of no concern to them

3

> even though the Jail Staff/Employees wear gloves and protective
> wear to avoid being easily exposed to the same possibilities of
> diseases that are common in inmates, especially drug addicts,
> prostitutes, and known criminals who have "been in the joint" and
> have tattoo's.
>
> Conclusion of Facts
>
> Every inmate in the Maury County Jail is being unduly subjected
> to the very broad possibility of being infected with a deadly
> disease due to the lack of concern and neglect of the jail and it's
> refusal to take precautionary measures to prevent spreading disease
> through the food process and feeding of inmates. Inmates are not
> tested for anything upon being placed in jail for any extended time
> period or to any sentence to serve.

Docket No. 1, pp. 31-35.

## III. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th

Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. 42 U.S.C. § 1983**

    **1. Generally**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

5

>injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C.  The Case at Bar**

Plaintiff sues Defendant Potter in her official and individual capacities.

With regard to Plaintiff's official capacity claim against Defendant Potter, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id.* In order for the public entity to be subject to liability under § 1983, the plaintiff must

plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 41 (1989); *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).

Inasmuch as Plaintiff brings the instant § 1983 claims against Defendant Potter in her official capacity as an employee of the Maury County Jail, Defendant stands in the shoes of the entity she represents (*see Claybrook*, 199 F.3d at 355 n.4), which is Maury County.  In order to state a claim against Maury County, therefore, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Maury County official policy, practice, or custom.  *City of Canton*, 489 U.S. at 387-88.  Plaintiff has failed to do so.  Accordingly, Plaintiff cannot sustain his official capacity claims against Defendant Potter.

In order for Defendant Potter to be held liable in her individual capacity, Plaintiff must demonstrate that she personally condoned, encouraged, or participated in the conduct that allegedly violated his rights.  *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted).  *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.)  Conclusory allegations are not enough.  *See Street,* 886 F.2d at 1479.  *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990).  Plaintiff must establish a "causal connection between the

7

misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

As an initial matter, while Plaintiff raises numerous broad claims about the safety of the food at the Jail, the only specific allegation against Defendant that Plaintiff makes in his Complaint is that she works in the kitchen at the Jail. *See* Docket No. 1, p. 31. Plaintiff offers no facts regarding how Defendant was personally and directly involved in any conduct that allegedly violated his rights. If Plaintiff means to hold Defendant liable in some type of supervisory capacity, that claim fails as *respondeat superior* is not a sufficient basis for the imposition of liability in §1983 actions. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

Moreover, Plaintiff's complaints are conclusory and primarily general in nature. In fact, Plaintiff's only references to himself are that he "lost over (25) twenty-five pounds in less than forty five days," and that he "is being subjected to undue health risk/life threatening diseases." Docket No. 1, pp. 31-35. As discussed above, Plaintiff cannot sustain his claims based on conclusory allegations. Additionally, he has failed to allege that Defendant "personally condoned, encouraged, or participated" in his weight loss. Finally, Plaintiff has failed to allege that his "being subjected to undue health risk/life threatening diseases" has actually resulted in harm.

Given the allegations of Plaintiff's Complaint, he cannot sustain his claims against Defendant Potter. The undersigned therefore recommends that the claims against her be

dismissed, and that she be terminated as a Defendant in this action.

## IV. Conclusion

For the forgoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                    E. CLIFTON KNOWLES
                                                    United States Magistrate Judge